# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TERRY DIBBLE,**
**B-81130,**

**Petitioner,**

vs.

**KEVIN KINK,**

**Respondent.**                                  Case No. 18-cv-00609-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Terry Dibble, by and through his counsel, Attorney Kevin Schriener, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his 1998 conviction for first degree murder in St. Clair County, Illinois. (Doc. 1, pp. 1-51). Petitioner claims that he was wrongfully convicted of a non-existent crime and sentenced to 45 years of imprisonment. *Id*. He sets forth 13 separate grounds for relief stemming from his allegedly unfair trial and the ineffective assistance of counsel. (Doc. 1, pp. 16-50).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that it survives preliminary review. Petitioner indicates that he

1

has exhausted his state court remedies with respect to the claims raised in his federal habeas petition. Given the information available to the Court at this time, it appears that the Petition is timely.[1]

**IT IS HEREBY ORDERED** that Respondent Kevin Kink shall answer the Petition or otherwise plead within thirty days of the date this Order is entered (on or before May 1, 2018).[2] This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS ALSO ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the

---

[1] This Court lacks complete information regarding the timeliness of the instant federal habeas petition but notes that the delay in filing the Petition appears to stem from the fact that the state post-conviction proceedings remained pending for more than 12 years. (Doc. 1, pp. 12-15).

[2] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.31
14:07:49 -05'00'

**District Judge**
**United States District Court**